## STATE *v.* WILCOX.

[100 Pac. 6.]

CRIMINAL LAW—APPEAL—REVIEW.
Where the district attorney filed a petition for rehearing on the ground that the court, affirming the conviction of accused for selling intoxicating liquors, erroneously decided that it was necessary to show that accused knew that the sale was made by his agent, and the Governor, within the time allowed for filing a petition for rehearing, remitted the sentence on condition that accused pay the costs, the court would withdraw its decision on the question raised by the petition for rehearing, and leave it undetermined.

From Coos: JAMES W. HAMILTON, Judge.

The defendant, J. C. Wilcox, was convicted of the crime of selling intoxicating liquor to a minor, and he appeals. In an opinion by this court, of January 20, 1909, the judgment of the lower court was affirmed, and in order to have Section 1978, B. & C. Comp. construed, the district attorney filed a petition for rehearing. Within the time in which this petition could be filed,

the Governor remitted the sentence of imprisonment, on certain conditions, and for this reason the former opinion is withdrawn and the question raised by the petition for rehearing is left undecided.

FORMER OPINION WITHDRAWN.
AFFIRMED AS TO COSTS.

The original case was submitted on briefs under the proviso of Rule 16, of the Supreme Court. 50 Or. 580.

For appellant there was a brief over the names of *Messrs. Guerry & Hollister* and *Mr. Austin S. Hammond.*

For the State there was a brief over the name of *Mr. George M. Brown,* District Attorney.

Opinion by MR. CHIEF JUSTICE MOORE.

The defendant, J. C. Wilcox, a licensed saloonkeeper, was convicted of the crime of selling intoxicating liquor to a minor, and sentenced to imprisonment in the county jail for the term of one year, and to pay the costs of the prosecution. Also his license was declared forfeited. He appealed from such sentence, and the judgment was affirmed. The evidence given at the trial tended to show that the sale complained of was made by his bartender, and in an opinion herein, of January 20, 1909, it was held, in construing the statute (Section 1978, B. & C. Comp.) that, in order to maintain the action, it was necessary to show that the defendant knew the sale was made by his agent. The district attorney filed a petition for a rehearing, and in it he insists that the clause of the statute referred to was impliedly repealed by the passage of the section immediately preceding it (Section 1977, B. & C. Comp.), which is the later enactment on that subject, and that such statute makes a saloonkeeper liable for the acts of his bartender in selling intoxicating liquors, notwithstanding he may not have had any knowledge that his agent was violating the law. Within the time allowed to file a petition for rehearing herein

Governor Chamberlain remitted the sentence of imprison-mnt imposed upon Wilcox, on condition that he should pay the costs of the action. As the district attorney challenges the interpretation given, the former opinion, which has not been published, is withdrawn (*State* v. *Luper* [Or.] 96 Pac. 1069), thereby leaving the legal principle involved, to be considered when it may possibly arise in some other cause.

The judgment is affirmed, however, so far as it relates to the costs and disbursements incurred in the lower court and upon this appeal.

AFFIRMED AS TO COSTS.